UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH CASPER,

                            **Plaintiff,**

   vs.                                                  5:19-CV-00296
                                                           (MAD/TWD)

**COOPER LIGHTING LLC,**

                            **Defendant.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**JOSEPH CASPER**
3168 Alex Lane
Baldwinsville, New York 13027
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

*Pro se* Plaintiff Joseph Casper ("Plaintiff") commenced this action on March 4, 2019, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634(b) ("ADEA"). *See* Dkt. No. 1 at 1. Plaintiff alleges that his former employer, Defendant Cooper Lighting, LLC, Division of Eaton Corporation ("Defendant"), terminated Plaintiff because of his age of 57 years. *See id.* at ¶¶ 2, 6, 14. For the reasons that follow, Plaintiff's complaint is dismissed with prejudice pursuant to Rule 41, and, in the alternative, under Rule 37.

### II. BACKGROUND

Plaintiff alleges that on January 19, 2018, Defendant terminated Plaintiff "because of his age." Dkt. No. 1 at ¶ 14. Plaintiff also alleges that Defendant then transferred Plaintiff's previous position and job duties to an employee approximately twenty-three years younger than Plaintiff. *See id.* at ¶¶ 9-12. Plaintiff further alleges that Defendant's ostensible reason for terminating

Plaintiff's employment was "corporate reorganization or restructuring" but that "[o]ther than Plaintiff, no other employee at Defendant's Syracuse, New York facility was terminated or reassigned[.]" *Id.* at ¶ 13.

On March 19, 2018, Plaintiff filed an EEOC discrimination claim "alleging that he was terminated because of his age in violation of the ADEA." *Id.* at ¶ 15. On November 27, 2018, the EEOC issued a right-to-sue letter dismissing Plaintiff's claim and informing Plaintiff that he must file suit on this claim within ninety days of his receipt of the letter or his right to sue would be lost. *See id.* at 4.

Plaintiff filed his ADEA discrimination claim in the Northern District of New York on March 4, 2019. *See id.* at 1. However, since filing his initial complaint, Plaintiff has failed to respond to any Court orders, including orders to file an affidavit of service of the summons and complaint or to file a status report regarding service. *See* Dkt. Nos. 7 & 8. On June 11, 2019, and again on July 2, 2019, Magistrate Judge Dancks extended the time for Plaintiff to file an affidavit of service or a status report regarding service. *See id.* Both orders granting time extensions also expressly warned Plaintiff that his "failure to follow Court orders and directives may be grounds for sanctions including, but not limited to, dismissal of the action for failure to prosecute." *Id.* Plaintiff's third and final filing deadline expired on July 15, 2019. *See* Dkt. No. 8.

### III. DISCUSSION

**A.     Federal Rule of Civil Procedure 41**

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders[.]" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)). Indeed, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).[1] "A district court also has the power to dismiss [the action] for failure to prosecute *sua sponte*." *Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). Accordingly, the Court may exercise its discretion to dismiss a case under Rule 41(b) to achieve, among other things, the orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 6:95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (upholding a district court's authority to dismiss an action *sua sponte* under Rule 41(b)).

However, such a dismissal is "a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). The Second Circuit "has repeatedly detailed factors (discussed below) to be considered [by a district court] before dismissal" under Rule 41(b). *Lucas*, 84 F.3d at 535 (citations omitted). The five requisite factors for determining when a Rule 41(b) dismissal is appropriate are as follows:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lewis v. Frayne*, 595 Fed. Appx. 35, 36 (2d Cir. 2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)); *see also Gilmore v. Carey*, No. 1:15-CV-20, 2016 WL 3199513, *1 (N.D.N.Y. June 8, 2016). "[N]o single factor is dispositive." *Gilmore*, 2016 WL 3199513, at *1.

---

[1] It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

In the present matter, the Court finds that the overall weight of these factors strongly favors dismissing Plaintiff's action. First, the record indicates that Plaintiff ceased maintaining any contact with the Court since Plaintiff filed his complaint on March 4, 2019. Plaintiff's period of non-compliance thus began when he failed to timely file an affidavit of service of the summons and complaint, or a status report regarding service, by May 31, 2019. *See* Dkt. No. 7.

Second, the Court expressly warned Plaintiff on June 11, 2019, and once more on July 2, 2019, that Plaintiff's failure to comply with Court orders may result in "sanctions including, but not limited to, dismissal of the action for failure to prosecute." Dkt. Nos. 7 & 8. Accordingly, Plaintiff had notice that his failure to comply could result in dismissal of his action.

Third, Plaintiff has failed to communicate any reason to explain his delay in filing and has also failed to demonstrate any intent to continue this litigation. *See generally* Dkt. Nos. 6-8. As "[p]rejudice to defendants resulting from [a plaintiff's] unreasonable delay [in filing] may be presumed," the Court finds that Defendant would be prejudiced by further delay in these proceedings. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (citation omitted).

Fourth, even though "[P]laintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome[,]" the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive further extensions and opportunity to be heard. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). Thus, this factor too weighs in favor of dismissing Plaintiff's case.

Lastly, Rule 41(b) does not require "district courts . . . to exhaust possible lesser sanctions before imposing dismissal . . . if such a sanction is appropriate on the overall record[.]" *Lewis*, 595 Fed. Appx. at 38. Here, the overall record, reflecting Plaintiff's utter failure to maintain even

a semblance of interest in his case as well as his flagrant disregard for Court orders, supports the appropriateness of dismissal as a sanction. *See generally* Dkt. Nos. 6-8. As the foregoing five factors weigh heavily in favor of dismissal, the Court dismisses Plaintiff's complaint under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with Court orders.[2]

### IV. CONCLUSION

After carefully considering the applicable law, Plaintiff's submissions, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's complaint is **dismissed with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

---

[2] The Court also notes that dismissal may be appropriate on independent grounds: the timeliness of Plaintiff's federal complaint. Plaintiff's right to sue on his ADEA claim expired ninety days after he received the EEOC's dismissal letter. *See* Dkt. No. 1 at 4. Based on the legal presumption that "a mail document is received three days after its mailing[,]" Plaintiff's ninety-day window for filing opened on November 30, 2018, and closed on March 3, 2019. *Edwards v. Onondaga Cmty. Coll.*, No. 5:14-CV-1329, 2015 WL 7283187, *3 (N.D.N.Y. Nov. 16, 2015). While a claimant may rebut this three-day presumption, "[a] successful rebuttal requires 'proof of specific facts.'" *Hogarth v. N.Y.C. Health & Hosps. Corp.*, No. 97-CV-0625, 2000 WL 375242, *4 (S.D.N.Y. Apr. 12, 2000) (quoting *Legille v. Dann*, 544 F.2d 1, 4 (D.C. Cir. 1976)). A "[p]laintiff's argument[], unsupported by any evidence, is insufficient to rebut the three-day presumption." *Colon v. Sabic Innovative Plastics US, LLC*, No. 1:15-CV-651, 2017 WL 3503681, *4 (N.D.N.Y. Aug. 15, 2017). Thus, under the three-day presumption, Plaintiff lost his right to sue on his ADEA claim by waiting until March 4, 2018, to file his federal complaint.

**ORDERS** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 5, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge